IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| NELDON PAUL JOHNSON,<br><br>Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION GRANTING [11] MOTION TO DISMISS<br><br>Case No. 4:18-cv-00073-TMT-CMR<br><br>Circuit Judge Timothy M. Tymkovich<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 29). Before the court is a Motion to Dismiss (Motion) (ECF 11) filed by Defendants Internal Revenue Service (IRS) and Department of Justice (DOJ) (collectively, the United States). The United States seeks dismissal of *pro se* Plaintiff Neldon Paul Johnson's (Plaintiff or Mr. Johnson) Complaint (ECF 2-3) for lack of subject matter jurisdiction.[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the United States' Motion to Dismiss (ECF 11) be GRANTED and, to efficiently manage its docket, the undersigned further RECOMMENDS that Plaintiff's claims against Judge Nuffer be dismissed based on judicial immunity.

I.   BACKGROUND

Plaintiff brings claims relating to the proceedings in *USA v. RaPower-3, et al.* (*RaPower-3*), No. 2:15-cv-00828-DN (D. Utah), which, as noted by United States, resulted in an injunction ordering him to disgorge more than $50 million in profits from solar technology sales due to tax

---

[1] As explained below, because the court resolves the United States' Motion on the ground of lack of subject matter jurisdiction, the court does not reach the United States' alternative ground for dismissal for failure to state a claim.

fraud (ECF 11 at 4).[2] Plaintiff's Complaint alleges that the United States acted together with Defendant Judge David Nuffer (Judge Nuffer)[3] to commit fraud and deprive him of property and constitutional rights in *RaPower-3* (ECF 2-3). Specifically, Plaintiff alleges the United States improperly sued him for tax violations and Judge Nuffer allowed the fraudulent claims to proceed (*id.*). This action was removed from the Fourth District Court in Millard County, Utah on October 31, 2018 (ECF 2).

On November 29, 2018, the United States filed the Motion to Dismiss (ECF 11) currently pending before the court. In lieu of filing a response, Plaintiff sought clarification from the court about whether a response was required (ECF 13). On January 31, 2019, the court issued an Order (ECF 19) staying this matter as an ancillary proceeding as defined by the Corrected Receivership Order (CRO) in *RaPower-3*. On April 17, 2023, the court lifted the stay for the limited purpose of ruling on the United States' Motion to Dismiss (ECF 30). Despite the stay being lifted, Plaintiff did not file a timely response to the Motion to Dismiss. *See* DUCivR 7-1(a)(4)(A). On January 18, 2024, the court entered a Docket Text Order (ECF 31) directing Plaintiff to file a response to the Motion no later than January 29, 2024. To date, Plaintiff has not filed any response to the Motion, and the extension provided by the court has expired.

---

[2] The court finds that the proceedings in *USA v. RaPower-3* directly relate to the case at hand and therefore takes judicial notice of the filings in this case. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007))). Except the docketing statement before the Tenth Circuit, in his Complaint in paragraphs 7, 13, 14, 16-18, Plaintiff referenced but did not identify or attach any pleadings from the *RAPower-3* matter. The *RAPower-3* matter is a publicly-filed record in the District of Utah. The court finds it is therefore appropriate to take judicial notice of the *RAPower-3* matter.

[3] The court notes that there is no indication that Plaintiff has properly effected service on Judge Nuffer, and the time to do so has passed. *See* Fed. R. Civ P. 4(m). As such, Judge Nuffer has not yet made an appearance in this matter and did not join the United States' Motion to Dismiss. In the interests of the just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, the court nonetheless addresses judicial immunity below as a ground for prompt dismissal of Plaintiff's claims against Judge Nuffer.

## II.    LEGAL STANDARDS

The United States seeks dismissal of the Complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1072 (10th Cir. 2004). Where, as here, the United States brings a facial challenge to subject matter jurisdiction, the court accepts the allegations of the Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Because Plaintiff is proceeding pro se, the court construes the Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). The court reviews the Complaint in light of these standards.

## III.    DISCUSSION

### A.    Failure to Respond

As an initial matter, the court notes that Plaintiff failed to file a timely response to the United States' Motion, and the time for doing so has passed. Plaintiff's failure to respond is grounds for granting the Motion. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). The court nonetheless reaches the additional grounds for dismissal raised by the United States.

### B. Sovereign Immunity

The United States argues that Plaintiff's claims are subject to dismissal under sovereign immunity. As a sovereign, "[t]he United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015). "Unless the United States waives its sovereign immunity, thereby consenting to be sued, the federal courts lack jurisdiction to hear claims against it." *San Juan Cty., Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014). "A waiver of sovereign immunity 'cannot be implied[.]'" *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Rather, sovereign immunity is waived "only when Congress 'unequivocally expresse[s]' its intention to waive the government's sovereign immunity in the statutory text." *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (quoting *United States v. Nordic Village, Inc.* 503 U.S. 30, 37 (1992)). In this case, Plaintiff fails to identify any specific statutory provision that waives sovereign immunity for his claims against the United States.

Liberally construing Plaintiff's allegations as potential tort claims, the applicable provision would be the Federal Tort Claims Act (FTCA). The FTCA waives sovereign immunity for "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). However, the "intentional torts exception" to the FTCA excludes "[a]ny claim arising out of . . . abuse of process, libel slander, misrepresentation, [or] deceit[.]" *See* 28 U.S.C. § 2680(h); *see also Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 853 (10th Cir. 2005). "If a claim against the government falls within an exception to the

4

FTCA, the cause of action must be dismissed for want of federal subject matter jurisdiction." *Estate of Trentadue*, 397 F.3d at 853.

Here, Plaintiff alleges that the United States made false and fraudulent claims and statements about his solar technology to news media and the court in *RaPower-3* (ECF 2-3 at ¶¶ 13–16). To the extent Plaintiff is asserting claims for abuse of process, libel, slander, misrepresentation, or deceit against the United States, Plaintiff has failed to show waiver of sovereign immunity because such claims would fall under the intentional torts exception to the FTCA. *See* 28 U.S.C. § 2680(h). Moreover, even if the court were to construe Plaintiff's allegations as constitutional claims, Plaintiff has also failed to show a waiver of sovereign immunity for constitutional violations by a federal agency. *See Buck v. Indus. Comm'n of Utah*, 51 F. App'x 832, 836 (10th Cir. 2002) ("A *Bivens* action alleging that a federal actor violated a plaintiff's constitutional right cannot be maintained against a federal agency."). Plaintiff has thus failed to show a waiver of sovereign immunity for his claims against the United States. Accordingly, the undersigned RECOMMENDS that Plaintiff's claims against the United States be dismissed without prejudice for lack of subject matter jurisdiction.

C.   **Judicial Immunity**

The docket reflects Judge Nuffer has not been served despite Federal Rule of Civil Procedure requiring service 90 days after the complaint is filed. *See* Fed. R. Civ P. 4(m). While the deadline can be extended for good cause, even if the court were to extend the deadline, the claims against Judge Nuffer are barred by judicial immunity.

"A judge is absolutely immune from liability for his [/or her] judicial acts even if [the] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Judges are generally immune from suits for money damages." *Pledger*

5

*v. Russell*, 702 F. App'x 683, 684 (10th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). The Supreme Court has recognized "only two narrow exceptions to absolute judicial immunity: (1) 'actions not taken in the judge's judicial capacity (*i.e.* non-judicial actions) and (2) judicial actions 'taken in the complete absence of all jurisdiction.'" *Higley v. Utah*, No. 2:14-cv-00506-CW, 2016 WL 1170811, at *2 (D. Utah Jan. 19, 2016) (quoting *Mireles*, 502 U.S. at 11–12), *report and recommendation adopted sub nom. Higley v. Utah State Legislature*, No. 2:14-CV-00506-CW-EJF, 2016 WL 1171526 (D. Utah Mar. 24, 2016). A judge's action is "judicial" if "it is a function normally performed by a judge." *Id.* (quoting *Stump*, 435 U.S. at 362).

Here, Plaintiff alleges that Judge Nuffer repeated and published the United States' false and fraudulent claims about his solar technology in *RaPower-3* (ECF 2-3 at ¶¶ 17–18). The court interprets Plaintiff's allegations of repeating and publishing statements as complaining of Judge Nuffer's oral and written rulings. Issuing rulings is clearly judicial in nature and subject to absolute judicial immunity. Because Plaintiff has thus failed to allege any facts showing Judge Nuffer acted outside his judicial capacity or in the absence of jurisdiction, his claim for money damages is barred as to Judge Nuffer. The undersigned therefore RECOMMENDS that Plaintiff's claims against Judge Nuffer be dismissed without prejudice.

## IV.     RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the United States' Motion to Dismiss (ECF 11) be GRANTED, the claims against the United States and Judge Nuffer be DISMISSED, and Plaintiff's Complaint be DISMISSED without prejudice.

## V.     NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 31 January 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

7