IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION
Circuit Judge Timothy M. Tymkovich

Civil Action No. 4:18-cv-00073-TMT-CMR

NELDON PAUL JOHNSON,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, et. al.,

    Defendants.

### ORDER AFFIRMING MAGISTRATE JUDGE ROMERO'S REPORT AND RECOMENDATION

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Cecilia M. Romero. (ECF 32.) Judge Romero recommends that Defendants' Motion to Dismiss (ECF 11) be granted, that Plaintiff's claims against the Defendants' and United States District Court Judge David Nuffer be dismissed, and that Plaintiff's Complaint be dismissed without prejudice.[1] (ECF 32.)

Plaintiff's claims relate to *USA v. RaPower-3, et al.*, No 2:15-cv-00828-DN (D. Utah), which resulted in an injunction ordering Plaintiff to disgorge more than

---

[1] Plaintiff concedes that Judge Nuffer has not been served. (ECF 33 at 2.) And the time to do so has passed. *See* Fed. R. Civ. P. 4(m). As such, Judge Nuffer has not made an appearance in this matter and did not join Defendants' Motion to Dismiss. But in the interests of a just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, the court affirms and adopts Judge Romero's recommendation to dismiss Plaintiff's claims against Judge Nuffer on judicial immunity grounds.

$50 million in profits from solar technology due to tax fraud. (ECF 11 at 4.) Plaintiff now alleges that the Defendants acted together with Judge Nuffer to commit fraud and to deprive him of his constitutional rights and property. (ECF 2-3.)

Plaintiff timely objected to Judge Romero's Report and Recommendation. (ECF 33.)

## LEGAL STANDARD

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

A proper objection is one that "is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute. . . ." *Id.*; *see also Oliverson v. W. Valley City*, 875 F. Supp. 1465, 1467 (D. Utah 1995) ("A litigant who objects only in vague or general terms to the magistrate's recommendation . . . fail[s] to make any meaningful objection"); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither objects to those findings.").

## ANALYSIS

Judge Romero's Report and Recommendation explains that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because: (1) "Plaintiff has failed to show a waiver of sovereign immunity" (ECF 32 at 5) and (2) Judge Nuffer's allegedly tortious conduct of issuing a ruling adverse to Plaintiff "is clearly judicial in nature and subject to absolute judicial immunity."[2] (*Id.* at 6.)

Plaintiff's Objection does not identify with specificity the factual or legal findings to which he objects. Instead, it merely reiterates—in broad and general terms—Plaintiff's litigation position. (*See, e.g.*, ECF 33 at 3 ("It is obvious that the action taken has destroyed the purpose of the court and has given an advantage to the opposing party. In this case the defendant has made known to the court that the pleadings are illegal and violate the rules and would destroy the very reason for having a court and that is to provide for a fair trial as outlined in the constitution.")). Plaintiff's conclusory statements are "[in]sufficiently specific" to form a proper objection warranting de novo district court review. Fed. R. Civ. P. 72(b)(3); *2121 E. 30th Street*, 73 F.3d at 1060.

Nevertheless, given Plaintiff's pro se status, the court has reviewed Judge Romero's Recommendation (ECF 32), Plaintiff's Objection (ECF 33), Defendants' Response (ECF 34), Plaintiff's Reply (ECF 35), and Plaintiff's Complaint. (ECF 2-

---

[2] Judge Romero also recommends dismissal because "Plaintiff failed to file a timely response" to Defendants' Motion to Dismiss. (ECF 32 at 3.)

3.) The court is satisfied that Judge Romero's conclusions are sound and that there is no clear error on the face of the record.[3] *See* Fed. R. Civ. P. 72.

## CONCLUSION

It is ORDERED that:

1. Judge Romero's Report and Recommendation (ECF 32) is AFFIRMED and ADOPTED as an order of this court;

2. Defendants' Motion to Dismiss (ECF 11) is GRANTED; and

3. Plaintiff's Complaint and claims against Judge Nuffer (ECF 2-3) are DISMISSED WITHOUT PREJUDICE.

DATED: March 29, 2024.   BY THE COURT:

*Timothy M. Tymkovich*

Hon. Timothy M. Tymkovich

---

[3] Even were the court to reach the merits and decide this matter do novo, it would draw the same substantive conclusions for the same reasons as Judge Romero.